UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RED SEA PACIFIC SDN BHD c/o PACIFIC SHIP
MANAGERS SDN BHD,

               Plaintiff,

  - against -

TONGLI SHIPPING CO. LTD and TONGLI LIMITED,

              Defendants.
---------------------------------------------------------------X

07 CV _____
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, RED SEA PACIFIC SDN BHD c/o PACIFIC SHIP MANAGERS SDN BHD (hereafter referred to as "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendants, TONGLI SHIPPING CO. LTD ("TSC") and TONGLI LIMITED ("TL") (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the Owner of the motor vessel "ALAM SEJAHTERA" (hereinafter the "Vessel").

3. Upon information and belief, Defendant TSC was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the charterer of the Vessel.

4. Upon information and belief, Defendant TL was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the alter-ego and/or alias of the Defendant TSC.

5. Pursuant to a charter party dated December 21, 2006, Plaintiff chartered the Vessel to TSC.

6. Disputes arose between the parties regarding TSC's failure to pay hire and the costs of shifting at Kaohsiung due and owing under the charter party.

7. As a result of TSC's breach of the charter party, Plaintiff has sustained damages in the total principal amount of $86,495.99 exclusive of interest, arbitration costs and attorney's fees.

8. Pursuant to the contract, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

9. Despite due demand TSC has failed to pay the amounts due and owing under the charter party.

10. As a result, Plaintiff is preparing to initiate arbitration on its claims.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $86,495.99 |
| B. | Estimated interest on claims:<br>3 years at 6.0%, compounded quarterly | $16,937.06 |
| C. | Estimated attorneys' fees and arbitration costs: | $36,000.00 |
| Total | | $139,433.05 |

12. Upon information and belief, Defendant TL is merely a shell-corporation through which Defendant TSC conducts its business.

13. Upon information and belief, TL has no separate, independent identity from TSC.

14. Upon information and belief, TL has the same address as TSC: Shandong Province, Yantai City, Zi Rong District, No. 80 Chaoyang Street, Room 1506 Qili Manson, Postal Code 261001.

15. Furthermore, TL is the alter ego of TSC because TL dominates and disregards TSC's corporate form to the extent that TL is actually carrying on TSC's business and operations as if the same were its own, or vice-versa.

16. Upon information and belief, TSC uses TL as a "paying agent" or "pass through" entity such that it can insulate itself from creditors relating to its charters.

17. It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies.

18. Upon information and belief, TL makes payments on TSC's behalf where TL has absolutely no contractual obligation to TSC's creditors.

19. Upon information and belief, TL made a payment on TSC's behalf with regards to the above charter between TSC and Plaintiff.

20. In the further alternative, Defendants are partners and/or are joint venturers.

21. In the further alternative, Defendants are affiliated companies such that TL is now, or will soon be, holding assets belonging to TSC and vice versa.

22. In the further alternative, "TONGLI LIMITED" is an alias of "TONGLI SHIPPING CO. LTD."

23. The Defendants cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of China, Bank of New York, Calyon, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendants.

24. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of China, Bank of New York, Calyon, Citibank, Deutsche Bank,

HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of $139,433.05 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
April 16, 2007

The Plaintiff,
RED SEA PACIFIC SDN BHD c/o PACIFIC SHIP MANAGERS SDN BHD

By: _____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
npeterson@tisdale-lennon.com
plennon@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         April 16, 2007

_____
Nancy R. Peterson