UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RED SEA PACIFIC SDN BHD c/o PACIFIC SHIP  :
MANAGERS SDN BHD,                         :
                                          :
                              Plaintiff,  :   07 Civ 3033 (BSJ)
                                          :
            - against –                   :
                                          :
TONGLI SHIPPING CO. LTD. and TONGLI LIMITED, :
                                          :
                              Defendants. :
-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECOGNIZE, CONFIRM AND ENFORCE ARBITRATION AWARD AGAINST DEFENDANTS AND MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST DEFENDANTS TONGLI SHIPPING CO. LTD. and TONGLI LIMITED**

Plaintiff herein, RED SEA PACIFIC SDN BHD c/o PACIFIC SHIP MANAGERS SDN BHD ("Red Sea" or "Plaintiff"), by its undersigned counsel, Lennon, Murphy & Lennon, LLC submits the within Memorandum of Law in support of its Motion for the Recognition, Confirmation, and Enforcement of a Final Arbitration Award issued in its favor and against TONGLI SHIPPING CO. LTD. (hereinafter "TSC"), pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, Chapter Two of the Federal Arbitration Act, 9 United States Code §§ 201-208.

Plaintiff also submits the within Memorandum of Law in support of its Motion for Partial Default Judgment against Defendants TONGLI SHIPPING CO. LTD. and TONGLI LIMITED. As Defendants have been given due notice of the instant action, yet have failed to appear or defend in the instant action, Plaintiff's Motion for Partial Default Judgment against Defendants should be granted. Furthermore, as all requirements have been met, the underlying Final

Arbitration Award should be recognized, confirmed and enforced against Defendants as a Judgment of this Court.

## FACTS

At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the Owner of the motor vessel "ALAM SEJAHTERA" (hereinafter the "Vessel"). Upon information and belief, Defendant TSC was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the charterer of the Vessel. Upon information and belief, Defendant TONGLI LIMITED ( hereinafter "TL") was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the alter-ego and/or alias of the Defendant TSC.

By maritime contract of charter dated December 21, 2006, Plaintiff chartered the Vessel to TSC. *See charter party annexed to the accompanying Affidavit of Coleen A. McEvoy ("McEvoy Affidavit") as Exhibit "1."* TSC breached the aforesaid maritime contract of charter by failing to pay hire and the costs of shifting at Kaohsiung due and owing under the charter party. Defendant TL is properly considered a party to the subject maritime contract of charter as the alter ego, alias and/or prime mover and controller of Defendant TSL.

As a result of the TSC's breach of the aforesaid maritime contract of charter, Plaintiff suffered damages in the total principal sum of $86,495.99. The aforesaid contract of charter provides that any disputes arising under the charter party shall be referred to arbitration in the city of London, England.

2

Therefore, Plaintiff initiated arbitration proceedings in London against TSC on its claim. The arbitration proceedings between the parties were held pursuant to a valid arbitration agreement set forth in Clause 45 (b) of the charter party. *See McEvoy Affidavit, Exhibit "1."* Clause 45(b) of the charter party states: "SEE BIMCO STANDARD LAW & ARBITRATION CLAUSE 1998 – ENGLISH LAW, LONDON ARBITRATION." It further states: "This charter party shall be governed by and construed in accordance with English law and any dispute arising out of or in connection with this charter party shall be referred to arbitration in London in accordance with the arbitration act 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to the provisions of this clause." *See McEvoy Affidavit, Exhibit "1."*

After consideration of the evidence, on February 26, 2008 the London arbitrators rendered a Final Arbitration Award in Plaintiff's favor. *See Final Arbitration Award annexed to McEvoy Affidavit as Exhibit "2."* In the Final Arbitration Award, Plaintiff was awarded the principal sum of $86,495.99. TL is properly considered a party to the subject arbitration award as the alter ego, alias and/or prime mover and controller of Defendant TSL.

Plaintiff was also awarded interest on this amount at 7.75% per annum, compounded quarterly, from January 21, 2007 until the date of payment.

Additionally, Plaintiff was awarded the costs it incurred in the arbitration in the amount of £6,075.00, which converts to the sum of $12,194.89. Plaintiff was also awarded interest on this amount at 7.5% per annum, compounded quarterly, from the date of the award (February 26, 2008) until the date of reimbursement. *See McEvoy Affidavit, Exhibit "2."*

Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award:

| | |
|---|---:|
| A. Principal amount: | $86,495.99 |
| B. Estimated interest on principal amount at 7.75% per annum, compounded quarterly, from January 21, 2007 until estimated date of recovery (April 1, 2008): | $ 8,304.94 |
| C. Cost of Award (£6,075.00): | $12,194.89 |
| D. Estimated interest on cost of award at 7.5% per annum, compounded quarterly, from February 26, 2008 until estimated date of recovery (April 1, 2008): | $     89.98 |
| Total: | **$107,085.80** |

The London arbitrators reserved their right to issue a further award regarding costs of arbitration. Plaintiff intends to apply for and enforce the Award of costs of arbitration in this action.

This action was commenced on April 16, 2007, by the filing of a Verified Complaint which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8. *See Verified Complaint annexed to the McEvoy Affidavit as Exhibit "3."*

On the same day, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized the Plaintiff to attach Defendants' property up to the sum of **$139,433.05**, located within this judicial district and belonging to the Defendants. The Ex-Parte Order and corresponding Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to the Defendants. *See*

*Ex-Parte Order and Process of Attachment annexed to the McEvoy Affidavit as Exhibits "4" and "5."* The Ex-Parte Order and PMAG were then served upon the banks.

Pursuant to the Ex-Parte Order and PMAG, garnishee American Express Bank restrained Defendants' funds in the sum of **$139,433.05** on or about April 19, 2007.

Defendants were given due notice of the instant action before this Court. On April 19, 2007, Defendants were sent a letter by FedEx courier and by facsimile, advising them that an order of maritime attachment had been obtained on Plaintiff's behalf authorizing attachment in New York of any of Defendants' assets. The letter also notified Defendants that Plaintiff had successfully attached their property at American Express Bank. All pleadings filed in the instant action, including the Summons and Complaint, were sent to the Defendants with this letter. FedEx confirmed that Defendants' letter with accompanying pleadings was received on April 23, 2007. *See Affidavit of Service annexed to the McEvoy Affidavit as Exhibit "7".*

Despite the notice provided, Defendants failed to appear in this action or file a responsive pleading. In its Verified Complaint, Plaintiff prayed for the issuance of Process of Maritime Attachment and Garnishment as well as an order from this court recognizing and confirming the London arbitration award(s) in Plaintiff's favor. In addition, Plaintiff prayed for such other, further and different relief as the Court may deem just and proper. *See Exhibit "3" annexed to the McEvoy Affidavit.*

Plaintiff now moves for partial default judgment to be entered against the Defendants. Furthermore, Plaintiff moves that the Final Arbitration Award rendered on February 26, 2008 be recognized and confirmed as a Judgment of this Court. Plaintiff further requests that it be awarded the attorneys' fees and costs of this action. For the reasons stated herein, Plaintiff's

Motion for Partial Default Judgment against Defendants, Motion to Recognize, Confirm and Enforce the Final Arbitration Award against the Defendants and request for attorneys' fees and costs should be granted.

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST DEFENDANTS SHOULD BE GRANTED

**Partial default judgment should entered against Defendants TSC and TL as they have been given due notice of the proceedings and have failed to appear or defend in the action**

"In Federal Practice, a defendant having been served with process who fails to make timely appearance or answer is subject to partial judgment by default under Rule 55(a)." *See Danish Fur Breeders Association v. Olga Furs, Inc., Hatzis Bro.s*, 1990 U.S. Dist. LEXIS 4779, at *4 (S.D.N.Y 1990); *see also Fed. R. Civ. P. 55*; *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). In addition, Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that default judgment may be entered upon proof that the plaintiff has given notice to the defendant by mailing the complaint, summons, and process of attachment, using any form of mail requiring a return receipt notice. Rule B(2)(b) of the Supplemental Rules for Certain Admiralty & Maritime Claims provides as follows:

> (2) Notice to Defendant. No default judgment may be entered except upon proof- which may be by affidavit- that: (b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring return receipt;

*Id.*

Here, Defendants were duly notified of the attachment on or about April 19, 2007 when their funds were attached pursuant to the attachment. In addition, Defendants were served with notices of attachment and copies of all pleadings filed in the action, including the Summons, Complaint and Process, on April 19, 2007. Defendants failed to respond or otherwise defend in this action within 30 days of their property being attached and thus Plaintiff applied for and obtained a Clerk's Certificate of Default as against Defendants on March 7, 2008. *See Clerk's Certificate of Default annexed to McEvoy Affidavit as Exhibit "9."*

Accordingly, as the requirements of Rule B (1) and (2) of the Supplemental Rules for Certain Admiralty and Maritime Claims have been met, and Defendants have failed to defend or file a responsive pleading in this action, Plaintiff is entitled to partial default judgment under Rule 55 of the Federal Rules of Civil Procedure. A proposed partial default judgment order accompanies Plaintiff's moving papers. *See Proposed Order Directing Partial Default Judgment annexed to the McEvoy Affidavit as Exhibit "10."*

**POINT II**

**THE FINAL ARBITRATION AWARD
SHOULD BE RECOGNIZED AND CONFIRMED**

The Court should recognize, confirm and enforce the Final Arbitration Award issued in Plaintiff's favor in the London arbitration pursuant to the New York Convention as a Judgment of this Court. The New York Convention applies to awards "not considered domestic awards in the state their recognition and enforcement are sought." 9 U.S.C. § 201, Art. I, 330 U.N.T.S. at 38.

### a. The Agreement to Arbitrate

Under the Convention, as implemented by the FAA, to enforce an arbitral award, the party seeking such enforcement must show that the arbitration agreement and award fall within the purview of the FAA. As stated in 9 U.S.C. § 202, arbitration agreements or awards must be commercial to be within the coverage of the FAA. Commerce is broadly defined by 9 U.S.C. § 1 to mean "commerce among the several states or with foreign nations." The arbitration clause, reprinted *supra*, contained in the charter party between Plaintiff and Defendant TSC (and thereby its alter-ego/alias TS) arose out of a legal relationship considered to be commercial and covered transactions involving commerce as defined by 9 U.S.C. § 2 and thus falls under the umbrella of the FAA. 9 U.S.C. § 202 provides in pertinent part as follows:

> Sec. 202 - Agreement or award falling under the Convention.
>
> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section of this title, falls under the Convention.

9 U.S.C. § 202.

As stated above, Plaintiff and Defendant TSC (and thereby its alter-ego/alias TS) agreed to submit their respective claims to binding London arbitration pursuant the charter party contract. Therefore, under 9 U.S.C. § 2, this Court may properly recognize, confirm and enforce the final arbitral award rendered in Plaintiff's favor and against Defendant TSC (and thereby its alter-ego/alias TS) because the agreement to arbitrate was set forth in a contract for transactions in commerce and expressly recognized by the FAA.

Based on the foregoing, therefore, the final arbitral award is a non-domestic award to which the New York Convention applies and is appropriate for recognition, confirmation and enforcement by this Honorable Court.[1]

### b. Jurisdiction

This Court has jurisdiction over this proceeding under the New York Convention. 9 U.S.C. § 203 provides that the district courts of the United States have original jurisdiction over actions or proceedings falling under the Convention. 9 U.S.C. § 203.

By reason of the plain import of the New York Convention, there can be no dispute regarding this Court's jurisdiction over this proceeding.

### c. Venue

This Court is a proper venue under 9 U.S.C. § 204, which states "an action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought ..." 9 U.S.C. § 204.

The United States District Court for the Southern District of New York is an appropriate venue because Defendants' property is being held under attachment in the hands of the garnishee, American Express Bank in the sum of $139,433.05 pursuant to an Ex Parte Order of Maritime Attachment and Garnishment dated April 16, 2007, issued by this Court. Thus, this Court is a competent authority and constitutes proper venue for this proceeding.

---

[1] Tongli Limited is properly considered a party to the subject contract and arbitration award as the alter ego, alias and/or prime mover and controller of Defendant Tongli Shipping Ltd.

### d. Proceeding to Confirm the Arbitration Award

The Convention at § 207 provides the procedural mechanism by which Plaintiff may enforce the Final Arbitration Award. This section provides as follows:

> § 207. Award of arbitrators; confirmation; jurisdiction; proceeding
>
> Within three years after an arbitral award falling under this Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention.

28 U.S.C. § 207.

Plaintiff makes this Motion to Recognize, Confirm and Enforce the Award on March 12, 2008. As the Final Award was issued on February 26, 2008, Plaintiff began the process of enforcing the Final Award well before three years had elapsed. Thus, Plaintiff's Petition is timely.

Furthermore, as set forth above, this Court has jurisdiction over this proceeding and Plaintiff is entitled to an Order granting the Petition. Plaintiff respectfully submits that there exist no grounds under the New York Convention upon which this Court could refuse or defer recognition and enforcement of the final arbitration award. In any event, the burden of proof rests upon a party resisting enforcement. *See, Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,* 157 F.3d 174, 175 (2d Cir. 1998); *Willemijn Houdstermaatschappig v. Standard Microsystems Corp.,* 103 F.3d 9, 12 (2d Cir. 1997) ("the showing required to avoid summary confirmation of an arbitration award is high and a party moving to vacate the award has the burden of proof").

In light of the foregoing, Plaintiff respectfully submits that the arbitral award is subject to recognition and enforcement pursuant to the New York Convention and should be recognized and confirmed as a Judgment of this Court.

## POINT III

### PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS SHOULD BE GRANTED

Defendants have failed to pay the amounts due and owing under the valid arbitration award. Where a defendant has defaulted, it is within the Court's discretion to grant a plaintiff's request for the attorneys' fees and costs incurred in bringing a Rule B action. *See Judgment dated August 14, 2006 in Thailia Maritime Co. Ltd. v. Compania Trasatlantica Espanola, S.A.,* 06 Civ. 2690 (LAP)(S.D.N.Y. 2006) (awarding the "costs of obtaining the Rule B attachment and making the instant application to confirm the London arbitration award, entry of judgment, and execution thereon").

Here, Defendants have defaulted and has otherwise failed to pay the amounts due and owing under the binding arbitration award. *See Certificate of Default annexed to the McEvoy Affidavit as Exhibit "9."* Thus, Plaintiff requests that the Court award it the attorneys' fees and costs incurred in the instant action. Plaintiff has incurred attorneys' fees and costs in the approximate amount of **$4,653.21** in obtaining/maintaining the Rule B attachment, making the instant application to confirm the London arbitration award and seeking the entry of partial default. Plaintiff expects to incur an additional **$800.00** in attorneys' fees and costs to confirm the award, obtain partial default judgment and execute upon the funds restrained in New York.

As the equities are in Plaintiff's favor and Defendant has defaulted in this action, Plaintiff's request for attorneys' fees and costs in the amount of **$5,453.21** should be granted.

## CONCLUSION

As Defendants have never appeared in this action despite having been served notice of the attachment of their property, Plaintiff is entitled to partial default judgment in the instant action, including an award of the attorneys' fees and costs incurred herein. Furthermore, as the underlying arbitration award is final and binding, Plaintiff respectfully requests that the award be duly recognized, confirmed and enforced and that judgment be rendered in its favor and against the Defendants TSC and TL in the total sum of **$112,539.01**. Please find the Statement of Damages annexed to the McEvoy Affidavit as *Exhibit "10."*

Should Plaintiff's motion be granted, pursuant to CPLR 5230 and F.R.C.P. Supp. Adm. B(3)(a), Plaintiff further requests an Order directing the garnishee banks to turn over Defendants' funds in the amount of **$112,539.01** to Plaintiff's counsel or at Plaintiff's counsel's direction. Please find annexed to the McEvoy Affidavit as *Exhibit "8"* a proposed order granting Plaintiff's motion to recognize and confirm the arbitration award, directing that partial default judgment be entered against the Defendants, and directing the garnishee banks to turn over Defendants' funds in the amount of **$112,539.01** to Plaintiff's counsel or at Plaintiff's counsel's direction.[2]

---

[2] If an agreement cannot be reached between the parties, Plaintiff intends to seek a further award of costs in the London arbitration or in the English High Court of Justice, as provided for in the Final Arbitration Award. Plaintiff respectfully requests that this court retain jurisdiction over the recognition, confirmation and enforcement of such award of costs. *See McEvoy Affidavit Exhibit 2.*

Dated: New York, NY
       March 13, 2008

                                The Plaintiff,
                                RED SEA PACIFIC SDN BHD c/o PACIFIC
                                SHIP MANAGERS SDN BHD

By:          _____
                 Coleen A. McEvoy (CM 3379)
                 Patrick F. Lennon (PL 2162)
                 LENNON, MURPHY & LENNON, LLC
                 The Graybar Building,
                 420 Lexington Ave., Suite 300
                 New York, NY 10170
                 (212) 490-6050
                 (212) 490-6070 (fax)
                 cam@lenmur.com
                 pfl@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on March 13, 2008, a copy of the foregoing will be filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by express courier to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Service of the foregoing is being made on Defendants via express courier

_____
Coleen A. McEvoy